**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-40042

LESLEY LEE GOSCH,

                                        Petitioner,

versus

GARY JOHNSON, Director,
Texas Dept. of Criminal
Justice, Institutional Division,

                                        Respondent.

Appeal from the United States District Court
for the Southern District of Texas
(CV-97-126)

January 15, 1998

Before JOLLY, WIENER and EMILIO M. GARZA, Circuit Judges.

B Y   T H E   C O U R T:

IT IS ORDERED that petitioner's application for
Certificate of Appealability (COA) from the district court's denial
of his petition for writ of habeas corpus is hereby denied and his
appeal is hereby dismissed; and his petition for stay of execution
is likewise denied.

Although the instant appeal, application for COA, and petition

for stay of execution have just been filed in this court, this panel has been tracking petitioner's direct and collateral appeals in state and federal court for years, most recently those in the federal district court for the Southern District of Texas, having timely received and carefully reviewed all filings of petitioner, respondent, and the district court, when and as filed. As such, we are intimately familiar with the facts and law, the arguments of the parties, and the rulings of the district court and its reasons therefor. Consequently, petitioner's eleventh hour filings in this court do not place us in a position of requiring more time than remains before petitioner's scheduled execution in which to make considered determinations and rulings on the matters now before us.

For the reasons set forth by the district court in its extensive explications in its Order filed January 12, 1998, and its subsequent rulings, we agree that the standard of review to be applied here is that set forth in 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), particularly subsections (d)(1) and (d)(2).[1]  Our study of the

---

[1]  (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ——

    (1)    resulted in a decision that was contrary to, or involved an <u>unreasonable</u> application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an

careful and exhaustive analysis of the district court in its ruling denying habeas relief and dismissing the petition satisfies us that petitioner's claim was "adjudicated on the merits" in State court proceedings and that the resulting decisions were not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The overwhelming evidence of guilt in this case indicates that the petitioner planned to kidnap the victim and extort a significant monetary ransom from her husband and that the petitioner murdered the victim in her home by shooting her in the head six times. No claim of factual innocence of the petitioner in this 1985 murder is even remotely suggested. All of petitioner's many claims made in these proceedings, which have dragged on for over eleven years, have been rejected —— and correctly so. In this last effort for relief, we perceive the petitioner's claims to be meritless on their face.

First, the petitioner claims that his execution would violate the Eighth Amendment's prohibition against cruel and unusual punishment in light of the three previous dates the State set for

_____

> unreasonable determination of facts in light of the evidence presented in State court proceedings. (emphasis added) (West Supp. 1997).

3

carrying out the petitioner's capital sentence. The petitioner alternatively argues that the length of his stay on death row —— over eleven years —— constitutes cruel and unusual punishment entitling him to relief. But the petitioner's challenges under the Eighth Amendment do not affect the validity of his conviction or sentence and they are thus not cognizable as a basis for relief under federal habeas corpus. 28 U.S.C. § 2254 (Supp. 1996). Furthermore, the relief that the petitioner seeks is barred by the principles enunciated in Teaque v. Lane, 109 S.Ct. 1060, 1075 (1989).

Next, the petitioner asserts that his counsel rendered ineffective assistance during the guilt phase of his trial. Strickland v. Washington, 104 S.Ct. 2052, 2065-68 (1984). The state court correctly determined, however, that the petitioner failed to demonstrate any prejudice resulting from his counsel's allegedly deficient investigatory and trial tactics. Strickland, 104 S.Ct. At 2068 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different.").

Finally, the petitioner alleges that the State elicited false testimony at the trial and knowingly allowed such testimony to stand in violation of the precepts set out in Giglio v. United States, 92 S.Ct. 763, 766 (1972), and Brady v. Maryland, 83 S.Ct. 1194, 1197 (1963). To obtain relief under Giglio, the petitioner must demonstrate (1) that the testimony was false; (2) that the

4

government knowingly offered the false testimony; and (3) that the false testimony was material, that is, that "it is reasonably likely that the truth would have affected the outcome of the trial." Id. Without addressing whether the petitioner has established the first two prongs, he has failed totally to demonstrate the materiality of the allegedly false testimony. Therefore, each of the petitioner's claims for relief lack any possible merit.

Petitioner's post-AEDPA petition seeking habeas relief was properly denied. Moreover, for purposes of COA, petitioner has failed to make a "substantial showing of the denial of a constitutional right," i.e., the issues presented are not debatable among jurists of reason, so petitioner has failed to justify issuance of a COA as well.

IT IS FURTHER ORDERED that, considering the foregoing denial of petitioner's application for COA, his petition for stay of execution is denied. The merits of his petitions for a writ of habeas corpus and for a stay of execution have not presented a substantial case; neither have they made a substantial showing of the denial of a federal right.

COA DENIED; APPEAL DISMISSED; STAY OF EXECUTION DENIED.


EMILIO M. GARZA, Circuit Judge, dissenting:


This matter, reviewed and decided in less than a day, is a

5

prime example of the tail of a pending execution wagging this panel's dog.[2]  Although I agree that a preliminary review of Gosch's habeas application and motion for a stay of execution suggests that it lacks merit, this court should be more reticent in deciding any death penalty case so quickly))especially one in which the merits have not been previously reviewed by an appellate court. A thorough and comprehensive review of the record, the briefs, and, in my opinion, oral argument, is required after the passage of AEDPA.

Clearly we have violated Chief Justice Rehnquist's admonition that "Capital cases should be subject to one complete and fair course of collateral review in the state and federal system, free from the time pressure of impending execution."  *See* Judicial Conference of the United States, Ad Hoc Committee on Federal Habeas Corpus in Capital Cases, Committee Report and Proposal at 6 (Aug. 23, 1989) (retired Justice Powell presiding); *cf. McFarland v. Scott*, 512 U.S. 849, 857-58 (1994) (appointment of counsel on the eve of an execution date "would have been meaningless" unless the execution was stayed; "the right to counsel necessarily includes a

---

[2]  While the majority opinion is correct that we have been tracking Gosch's direct and collateral appeals in state and federal court for several years, *see McFarland* v. Scott, 512 U.S. 849, 852 n.1 (1994) (discussing Gosch's previously filed "skeletal" habeas petition and previous Texas policy in death penalty cases), none of the panel members, to my knowledge, have reviewed the state court record or state habeas evidentiary hearing in light of issues number 2 and 3, Gosch's ineffective assistance of counsel and his false testimony claim.

6

right for that counsel meaningfully to research and present a defendant's habeas claims."). This case is not frivolous. At a minimum, issues number 2 and 3))whether Gosch received ineffective assistance of counsel and whether the State knowingly permitted false testimony))require thorough review of the underlying record. *See Mercer v. Armonstrout*, 864 F.2d 1429, 1431-32 (8th Cir. 1988) ("If the petition is not frivolous on its face, *the very essence of this court's duty is to study and research the points raised.* The severity and finality of the death penalty requires the utmost diligence and scrutiny of the court. . . . No judge can digest, retain, or apply these principles to a voluminous state court record without reflective study and analysis. To suggest that a life or death decision can be made by simply reading a petition is to advocate dereliction of judicial duty.") (emphasis in original).

I would, therefore, grant the stay of execution and hold in abeyance any ruling on a COA until a thorough review of the record is performed in light of the specific issues before us.